## 2743. CITIZENS & SOUTHERN BANK *v.* MIXON.

The court erred in sustaining the defendant's plea of failure of consider-
ation.

DECIDED JANUARY 24, 1911.

Complaint; from city court of Abbeville—Judge Nicholson. May
9, 1910.

*Adams & Adams, Hal Lawson,* for plaintiff.

*M. B. Cannon, Dan R. Bruce,* for defendant.

POWELL, J. A State bank being in the hands of a receiver
and being desirous of terminating the receivership and of con-
tinuing business, formed a plan of reorganization, by which the
stockholders were to pay in an additional sum, it being contem-
plated that the bank would be ultimately converted into a national
bank. Upon representation of these plans, the defendant sub-
scribed for a share of the stock of the bank, and therefor executed
his promissory note payable to the bank. This note was transferred
as collateral security to the plaintiff, which was a creditor of the
bank. The plaintiff knew that the bank was in the hands of the
receiver and that a plan of reorganization was contemplated, but
had no knowledge of the particulars of the plan or of the repre-
sentations that had been made to the defendant, or of what was the
particular consideration of his note. The defendant accepted the
share of the capital stock subscribed for by him in the State bank,
and still retained it at the time of the filing of the suit. But in
the meantime the plan of converting the bank into a national bank
failed, and the bank was again in the hands of a receiver.

The plaintiff, having taken the note as collateral security for
existing indebtedness, was a bona fide holder for value, and there
was no evidence sufficient to impeach the validity of its holding;
the plaintiff's rights were not affected by the subsequent failure of

those interested in the bank of carrying out the plan of converting it into a national bank; and the failure of the plan of converting the State bank into a national bank did not constitute a legal failure of consideration as to the note, as the representation that the bank would be so converted was necessarily dependent upon the vote of two thirds of the stockholders and the approval of the comptroller of the currency—matters as to which the defendant was chargeable with notice, since they were a part of the law of the land itself. The true consideration of the note, from a legal standpoint, was the share in the State bank, with whatever benefit might accrue therefrom (and subject to loss. ensuing therefrom) in the ordinary course of affairs, and this the defendant received. The court erred in rendering judgment in favor of the defendant, as the evidence demanded a verdict in the plaintiff's favor.

*Judgment reversed.*